UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL L. ROSS, *et al.*, )<br>    Defendants. ) | No. 3:12-CV-548<br>(VARLAN/GUYTON) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the District Judge. Now before the Court is the Plaintiff's Motion for Leave to Commence Discovery and for Expedited Trial Setting [Doc. 74]. The Court heard the parties' positions at a hearing conducted on December 14, 2012.

In the Motion for Leave, the Plaintiff moves the Court for leave to commence discovery, for an expedited deadline for the parties to conduct a Rule 26(f) conference, and for an expedited trial setting. None of the Defendants filed a written opposition to this Plaintiff's requested relief. At the hearing, however, counsel for Defendants Ted Doukas, Athena of SC, LLC, American Harper Corporation, Likos of Tennessee, Inc., Raposo Realty, LLC, Breton Equity Company Corp., Efastos Corp., Giselle Doukas, Rebecca Rose Ross Jordan, Rarity Management Company, LLC, Patricia Ross, James Macri, Tennessee Land & Lakes, LLC, and R.P.M. Recoveries, Inc., argued that this case could not be ready for trial in less than one year. They acknowledged, however, that the parties have informally shared documents and information relating to this case. Having heard from the parties and for the reasons stated below, the Motion for Leave will be **GRANTED** as follows.

The Court finds the Plaintiff's request for leave to commence discovery and his request for an expedited deadline for the parties to conduct a Rule 26(f) conference are well-taken, and they are **GRANTED**. The Court finds that the parties have already exchanged, informally, a great number of documents relating to this case. Many of the parties in this suit were parties to Stooksbury v. Ross, No. 3:09-CV-498. Through that litigation, the parties are at least acquainted with the issues to be tried in this case, and they are familiar with the likely discovery materials in this case. The Defendants argue that discovery should not commence until the Court rules on the pending motions to dismiss. The Court finds this position is not persuasive because discovery in this case is not likely to impose an unnecessary burden given the procedural posture of these matters. Accordingly, the Court **ORDERS** that the parties may commence discovery, and the Court **ORDERS** that the parties complete a Rule 26(f) discovery conference on or before **December 20, 2012.**

The Court further finds that the Plaintiff's request for an expedited trial setting is well-taken, and to the extent it is practicable for the District Judge, this trial will be set within the next year. The parties shall contact the chambers of the Honorable Thomas A. Varlan – either when they are gathered or joined in a call for their 26(f) conference or at another time in which they can conduct a conference call – on or before **December 20, 2012**, to set this matter for trial. The parties shall cooperate and avoid unnecessary delay in this case so that it can be tried on the expedited date set by the chambers of the District Judge.

In sum, the Plaintiff's Motion for Leave to Commence Discovery and for Expedited Trial Setting **[Doc. 74]** is **GRANTED** as stated above.

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge