UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR., )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL L. ROSS, *et al.*, )<br>      Defendants. ) | No. 3:12-CV-548<br>(VARLAN/GUYTON) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the District Judge. Now before the Court is the Plaintiff's Motion for Immediate Entry of Temporary Restraining Order Granting Limited Relief to Preclude Defendants from Further Conveyances of Property Which Belonged to the Judgment Debtors [Doc. 6].

At a hearing conducted December 4, 2012, Attorney Wayne Ritchie, counsel for the Plaintiff, represented to the Court that the Motion for Immediate Entry of Temporary Restraining Order Granting Limited Relief to Preclude Defendants from Further Conveyances of Property Which Belonged to the Judgment Debtors [Doc. 6] was rendered moot by the filing of the Plaintiff's Motion for Appointment of a Receiver and for a Preliminary Injunction Precluding Transfer or Waste of Assets [Doc. 8]. He agreed that the Motion for Temporary Restraining Order should be denied as moot, though he noted that the Plaintiff continues to rely on documents that are attached to the Motion for Temporary Restraining Order with reference to the Motion for Appointment of Receiver and for Preliminary Injunction.

Counsel present on behalf of the Defendants – including Attorneys Mark Brown, Christopher Oldham, and Richard Hollow – agreed that the Motion for Immediate Entry of

Temporary Restraining Order was moot, and they represented to the Court that they had no objection to the Motion for Immediate Entry of Temporary Restraining Order being denied as moot.

Based on the foregoing, the undersigned finds that the Motion for Immediate Entry of Temporary Restraining Order Granting Limited Relief to Preclude Defendants from Further Conveyances of Property Which Belonged to the Judgment Debtors **[Doc. 6]** is moot, and **RECOMMENDS**[1] that it be **DENIED AS MOOT.** The undersigned will address the Motion for Appointment of a Receiver and for a Preliminary Injunction Precluding Transfer or Waste of Assets [Doc. 8] in a separate Report and Recommendation.

Respectfully Submitted,

　/s H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).