IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR.<br>    Plaintiff,<br><br>v.<br><br>MICHAEL L. ROSS, EVELYN W. ROSS et al.,<br><br>    Defendants. | No.: 3:12-cv-548<br>(Varlan/Guyton) |

**PLAINTIFF ROBERT T. STOOKSBURY, JR.'S
MOTION FOR DEFAULT JUDGMENT AGAINST THE ROSS ENTITIES**

Business entities who do not appear in federal court through a licensed attorney are in default. The Defendant Ross entities, which are listed in a table below, are no longer represented by counsel in this matter. They have also failed to answer or otherwise respond to the Fourth Amended Complaint. Plaintiff Robert T. Stooksbury, Jr., respectfully moves for entry of a default judgment against them.

Until February 1, 2017, the Ross entities were represented by attorney Richard Collins. On February 22, 2017, the Court granted Mr. Collins's motion to withdraw. [Doc. 473]. In that Memorandum and Order, the Court declined to address entry of default against the Ross entities, but "**ADMONISHED**" the Ross entities that "'corporations, partnerships, and associations cannot appear in federal court except through a licensed attorney.'" [Doc. 473] at 4 (quoting *In re Classicstar Mare Lease Litig.*, No. CIV.A. 5:07-CV-353-J, 2009 WL 1468594, at *1 (E.D. Ky. May 13, 2009)). The Court granted the Ross Defendants 30 days to obtain new counsel.

That deadline has passed and no new counsel has appeared for the Rosses or the Ross entity defendants. In addition, the Ross entity defendants have not answered or otherwise responded to

the Fourth Amended Complaint (Michael and Evelyn Ross have answered), and the Clerk has entered default against them. [Doc. 489].

Because entities cannot appear in federal court without counsel, entities for which counsel withdraws (or never appears to begin with) are in default. *See In re Classicstar Mare Lease Litig.*, No. CIV.A. 5:07-CV-353-J, 2009 WL 1468594, at *1 (E.D. Ky. May 13, 2009) ("Clearly, as a corporation, PCG cannot appear before this Court except through a licensed attorney, and, in the absence of counsel, PCG is in default."). *See also Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney."); *Lattanzio v. COMTA,* 481 F.3d 137, 139 (2d Cir. 2007) ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, a limited liability company also may appear in federal court only through a licensed attorney." (citation omitted)). "[I] is well settled that 'a corporation may appear in the federal courts *only* though licensed counsel,'" otherwise "it will be treated as not having appeared at all." *Nat'l Sec. Counselors v. CIA*, 811 F.3d 22, 31 (D.C. Cir. 2016) (emphasis in original); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). "'[D]efault judgment may be entered against [an unrepresented entity].'" *Motir Servs. v. Ekwuno*, 191 F. Supp. 3d 98, 107 (D.D.C. June 10, 2016) (quoting *Lennon v. McClory*, 3 F. Supp. 2d 1461, 1462 n.1 (D.D.C. 1998)).

Here, when Mr. Collins was permitted to withdraw, the Ross entities were specifically admonished that they could appear in this action only through a licensed attorney, and they

2

were given 30 days to find new counsel. They have not done so. Accordingly, a default judgment should be entered against them.

As for the amount of the judgment, the damages alleged in the Fourth Amended Complaint include the value of the assets transferred, the fees and costs incurred in attempting to collect the *Stooksbury I* judgment, and the diminution in the recovery from the judgment debtors' assets resulting from the transfers and encumbrances at issue. *See* Fourth Amended Complaint ¶¶ 556, 599. That diminution includes the costs of the receivership that was established in *Stooksbury I*. In the interests of judicial economy, at this time Plaintiff seeks judgment against the Ross entities only for a damages amount that is already in the record, namely, the total fees and expenses reported in the Receiver's interim and final applications for compensation. That figure is $1,516,431.79. An affidavit in support of this motion, which includes a table listing each compensation application, is attached.

Accordingly, Mr. Stooksbury respectfully requests that judgment be entered against the Ross entities, which are listed in the table below, in the amount of $1,516,431.79, plus costs and interest according to law from the date of judgment is entered until the entire amount is paid.

**Defendant Ross Entities**

| | |
|---|---|
| 1. CC Properties, LLC | 18. Rarity Bay Realty, Inc. |
| 2. Consumer Research Company | 19. RCCA Company, Inc. |
| 3. CR Strategies, Inc. | 20. Realty Pro Express, Inc. |
| 4. HDP Properties, LLC | 21. RFD, LLC |
| 5. LTR Marina, LLC | 22. RMT CH Properties, LLC |
| 6. LTR Properties, Inc. | 23. RM Company, LLC |

| | |
|---|---|
| 7. M&D Ross Rentals | 24. RMT Cottages, LLC |
| 8. NJS Development Company, LLC | 25. RMT Properties, LLC |
| 9. OR Properties, LLC | 26. RMT Properties, LP |
| 10. Pine Mountain Partnership | 27. RMT Village Shops, LLC |
| 11. Pine Mountain Properties, GP | 28. Senerges Corporation |
| 12. PM Properties of Tennessee, LLC | 29. Tellico Communities, LLC |
| 13. PM Properties of Tennessee, LP | 30. Tellico Lake Properties, L.P. |
| 14. PM Properties #2 of Tennessee, LLC | 31. Vonore Properties, LLC |
| 15. PM Properties #2 of Tennessee, L.P. | 32. VPI Company, LLC |
| 16. PM Properties #3 of Tennessee, LLC | 33. WFD Company, Inc. |
| 17. PM Properties #3 of Tennessee, L.P. | 34. WH McCollum & Co., LLC |

Respectfully submitted this 2nd day of June, 2017.

s/James R. Stovall
WAYNE A. RITCHIE II, BPR #01936
JAMES R. STOVALL, BPR #32512
RITCHIE, DILLARD, DAVIES
    & JOHNSON, PC
606 West Main Street, Suite 300
Knoxville, Tennessee 37901-1126
(865) 637-0661
*Attorneys for Plaintiff*

## Certificate of Service

The undersigned hereby certifies that on this 2nd day of June, 2017, the foregoing was electronically filed with the Clerk of Court using the CM/ECF filing system, which will electronically serve same on all counsel of record and on Defendant John C. Garrison.

The undersigned further certifies that on this 2nd day of June, 2017, the foregoing document was also served as indicated below:

By First-Class Mail
Mr. Michael L. Ross
Ms. Evelyn W. Ross
2624 Carpenters Grade Road
Maryville, TN  37803

By First-Class Mail
To all the Ross entity defendants, which are listed below,
c/o their registered agents, Michael L. Ross and Evelyn W. Ross,
2624 Carpenters Grade Road
Maryville, TN  37803

Ross entity defendants:   VPI Company, LLC; Tellico Lake Properties, L.P.; LTR Properties, Inc.; Senerges Corporation; Realty Pro Express, Inc.; CR Strategies, Inc.; Rarity Bay Realty, Inc.; NJS Development Company, LLC; WH McCollum & Co., LLC; RM Company, LLC; Pine Mountain Partnership; Pine Mountain Properties, GP; RMT Cottages, LLC; RMT Properties, LLC; RMT Properties, LP; RMT Village Shops, LLC; PM Properties of Tennessee, LP; PM Properties of Tennessee, LLC; PM Properties #2 of Tennessee, L.P.; PM Properties #2 of Tennessee, LLC; PM Properties #3 of Tennessee, L.P.; PM Properties #3 of Tennessee, LLC; M&D Ross Rentals; OR Properties, LLC; CC Properties, LLC; Consumer Research Company; RFD, LLC; HDP Properties, LLC; WFD Company, Inc.; Tellico Communities, LLC; RCCA Company, Inc.; RMT CH Properties, LLC; LTR Marina, LLC; and Vonore Properties, LLC.

A copy was also emailed to Michael Ross at mr@senerges.com, an email address Mr. Ross has used to send discovery requests to counsel for Plaintiff.

            s/James R. Stovall
            JAMES R. STOVALL

5

Case 3:12-cv-00548-TAV-HBG   Document 492   Filed 06/02/17   Page 5 of 5   PageID #: 12452