UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROBERT T. STOOKSBURY, JR.,           )
                                     )
              Plaintiff,             )
                                     )
v.                                   )        No. 3:12-CV-548-TAV-HBG
                                     )
MICHAEL L. ROSS, *et al.*,           )
                                     )
              Defendants.            )

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), the Rules of this Court, and the referral Order [Doc. 501] of the Chief District Judge.

Now before the Court is Plaintiff's Motion for Default Judgment Against the Ross Entities [Doc. 492]. The Court has conducted a hearing, and the Court finds that this matter is now ripe for adjudication. Accordingly, for the reasons more fully explained below, the Court **RECOMMENDS** that the Motion for Default Judgment Against the Ross Entities [**Doc. 492**] be **GRANTED.** The Court further **RECOMMENDS** that a default judgment in the amount of $1,516,431.79, plus costs and interest be awarded to the Plaintiff.

## I.    BACKGROUND

By way of background, this litigation ("*Stooksbury II*") is the second lawsuit before this Court involving a number of the same parties. In *Stooksbury I*, the Plaintiff filed an action for fraud and conversion and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), along with other claims. The case went to trial with respect to damages, and the jury awarded $14,846.915 in compensatory damages [Doc. 383]. Subsequently, on March 1, 2012, the jury returned a verdict awarding the Plaintiff $15,000,000 in punitive damages. [Doc. 389]. On

March 6, 2012, the Clerk of Court entered a Judgment in this case reflecting the jury's verdicts. [Doc. 390].

Subsequently, the Court appointed a Receiver based on evidence that certain defendants ("Ross Defendants") in *Stooksbury I* had transferred assets to third parties during the months leading up to and after the Judgment was entered. [Doc. 548]. The Receiver filed reports identifying receivership assets and fraudulent transfers. As part of the Receiver's efforts to recover and liquidate the assets, many of the assets that were fraudulently transferred or encumbered were sold through the receivership and certain proceeds were distributed to the Plaintiff. [Doc. 1631].

The allegations in the instant matter arise out of the conduct during and after *Stooksbury I*. Specifically, the Fourth Amended Complaint alleges that many of the assets identified in the receivership in *Stooksbury I* were fraudulently transferred to related entities; to close business associates, insiders and affiliates; and to third-party associates, insiders and affiliates. [Doc. 461 at ¶ 9]. The Fourth Amended Complaint names, along with others, the following entities as Defendants: (1) CC Properties, LLC, (2) Consumer Research Company, (3) CR Strategies, Inc., (4) HDP Properties, LLC, (5) LTR Marina, LLC, (6) LTR Properties, Inc., (7) M&D Ross Rentals, (8) NJS Development Company, LLC, (9) OR Properties, LLC, (10) Pine Mountain Partnership, (11) Pine Mountain Properties, GP, (12) PM Properties of Tennessee, LLC, (13) PM Properties of Tennessee, LP, (14) PM Properties #2 of Tennessee, LLC, (15) PM Properties #2 of Tennessee, L.P., (16) PM Properties #3 of Tennessee, LLC, (17) PM Properties #3 of Tennessee, L.P., (18) Rarity Bay Realty, Inc., (19) RCCA Company, Inc., (20) Realty Pro Express, Inc., (21) RFD, LLC, (22) RMT CH Properties, LLC, (23) RM Company, LLC, (24) RMT Cottages, LLC, (25) RMT Properties, LLC, (26) RMT Properties, LP, (27) RMT Village Shops, LLC, (28) Senerges Corporation, (29) Tellico Communities, LLC, (30) Tellico Lake Properties, L.P., (31) Vonore

Properties, LLC, (32) VPI Company, LLC, (33) WFD Company, Inc., and (34) WH McCollum & Co., LLC (collectively, "Ross Entities"). *See* [Doc. 461 at ¶¶ 31-33, 35-37].

The Fourth Amended Complaint alleges that the Ross Entities were under-capitalized, they failed to observe the required formalities, they were operated as sham entities, and they were used for the purpose of committing fraudulent conduct and transfers. [*Id.* at ¶ 39]. In addition, the Fourth Amended Complaint states that the form and veil of each of these entities should be disregarded and each should be found in the instrumentality of Defendants Michael Ross and Evelyn Ross. [*Id.*]. Further, the Fourth Amended Complaint alleges that Defendant Michael Ross and related individuals and entities have frequently created sham entities for the purpose of engaging in fraudulent conduct and/or for the purpose of hindering, delaying, and defrauding creditors. [*Id.* at ¶ 40]. With respect to the Ross Entities, the Plaintiff alleges fraud (objectively and constructively), civil conspiracy, unjust enrichment, and conspiracy in violation of 18 U.S.C. § 1962(d) (RICO). The Fourth Amended Complaint requests injunctive relief, punitive damages, unclean hands and equitable relief, and other statutory damages.

## II. PROCEDURAL POSTURE

The Fourth Amended Complaint in this matter was filed on February 15, 2017, [Doc. 461]. The Ross Entities did not respond to the Fourth Amended Complaint within the time allowed by the Federal Rules of Civil Procedure. On May 19, 2017, the Clerk entered a default [Doc. 489] against the Ross Entities.

On June 2, 2017, the Plaintiff filed the instant Motion. The Motion requests that default judgment be entered in the total amount of $1,516,431.79. The Motion asserts that the Ross Entities are not represented by counsel and that they have not responded to the Fourth Amended Complaint. The Plaintiff states that the damages alleged in the Fourth Amended Complaint include the value of the assets transferred, the fees and costs incurred in attempting to collect the

3

*Stooksbury I* judgment and the diminution in the recovery from the judgment debtors' assets resulting from the transfers and encumbrances at issue. The Plaintiff continues that the diminution includes the costs of the receivership that was established in *Stooksbury I* and that in the interest of judicial economy, the Plaintiff seeks a judgment against the Ross Entities only for an amount that is already in the record (*i.e.,* the total fees and expenses reported in the Receiver's interim and final applications for compensation). Thus, the Plaintiff seeks a total of $1,516,431,79. In support of the Motion, the Plaintiff has filed the Affidavit of James R. Stovall [Doc. 492-1].

The parties appeared before the Court on June 23, 2017, for a motion hearing. Attorneys James Stovall and Wayne Ritchie, II, were present on behalf of the Plaintiff. Defendant Michael Ross appeared pro se. During the hearing, Defendant Ross stated that he would leave the Plaintiff's request to the Court's discretion.

## III.   ANALYSIS

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the entry of default, a party may apply for default judgment, and the Court may conduct a hearing – if needed, to perform an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter – prior to entering default judgment. Fed. R. Civ. P. 55(b). "Once the Clerk has entered a default against a defendant, the Court must treat all well-pleaded allegations in the Complaint as true." *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (entry of default judgment "conclusively establishes every factual predicate of a claim for relief")).

In the present matter, there is no dispute that the Clerk has entered a default in accordance with Rule 55 [Doc. 489], and that the Plaintiff has moved [Doc. 492] for entry of default judgment.

4

Taking as true the allegations in the Fourth Amended Complaint [Doc. 461], the Court **INCORPORATES BY REFERENCE** the allegations as set forth by the Plaintiff with respect to the Ross Entities. The Court accepts all such allegations, and specifically, the Court **FINDS**, based upon entry of default, that the Ross Entities committed fraud, civil conspiracy, and unjust enrichment and violated 18 U.S.C. § 1962(d) (RICO). The Court **RECOMMENDS** that a default judgment in the amount of $1,516,431.79, which represents the damages already on record, be awarded to the Plaintiff. *See Stooksbury I* [Docs. 652, 675, 732, 762, 781, 802, 836, 857, 885, 912, 932, 946, 974, 995, 1039, 1064, 1087, 1137, 1165, 1214, 1245, 1282, 1295, 1310, 1330, 1366, 1393, 1410, 1416, 1430, 1443, 1465, 1496, 1519, 1540, 1555, 1579, 1598, 1613, 1619, 1626, 1631]. Accordingly, the Court **RECOMMENDS** a judgment in the total amount of $1,516,431.79, plus costs and interest, be awarded to the Plaintiff.

## IV.    CONCLUSION

Based upon these findings and taking all well-pleaded allegations in the Fourth Amended Complaint against the Ross Entities as true, the undersigned **RECOMMENDS**[1] as follows:

1. The Motion for Default Judgment Against the Ross Entities [**Doc. 492**] be **GRANTED**;

2. The Ross Entities be **ADJUDGED** responsible for fraud, civil conspiracy, and unjust enrichment and in violation of 18 U.S.C. § 1962(d) (RICO); and

3. That judgment in the total amount of $1,516,431.79 be awarded to the Plaintiff, plus costs and interest.

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

The Clerk of Court is **DIRECTED** to send the Ross Entities a copy of this Report and Recommendation at the address provided in the Plaintiff's Motion.

Respectfully submitted,

United States Magistrate Judge