IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ROBERT T. STOOKSBURY, JR. )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL L. ROSS, et al., )<br>        Defendants. ) | No.: 3:12-CV-548-TAV-HBG |

## ORDER

This matter is before the Court on the joint motion by Plaintiff Robert T. Stooksbury, Jr., and Defendants Michael L. Ross and Evelyn W. Ross for an order dismissing the claims against the Rosses individually with prejudice and retaining jurisdiction for the limited purpose of enforcing their settlement agreement. According to the joint motion, effective as of January 11, 2018, Stooksbury and Michael and Evelyn Ross reached a settlement of the claims against the Rosses individually in this action. Under the settlement, the Rosses are obligated to pay a certain sum to Stooksbury on or before January 11, 2025, and to make certain monthly interest payments. The Rosses may prepay any or all of the principal amount, which will reduce the monthly interest payment.

The joint motion also asserts that, under the settlement, as long as the payments owed under the settlement agreement are being made in a timely fashion, Stooksbury will hold all efforts to collect the *Stooksbury I* judgment in abeyance. Once the settlement amount has been paid in full, the *Stooksbury I* judgment will be deemed satisfied in its entirety and released. As of April 5, 2016, the compensatory damages portion of the *Stooksbury I* judgment that remained unsatisfied was $14,400,068.02. *See Stooksbury I* [Doc. 1659].

According to the joint motion, as one form of security for the payments the Rosses are obligated to make under the settlement agreement, the Rosses have signed a consent judgment in this matter that will be held in escrow by counsel for Stooksbury and not submitted for entry or recorded unless there is an uncured breach of the Rosses obligations under the agreement.

Additionally, the joint motion asserts, in the settlement agreement the Rosses acknowledge and agree that, in any bankruptcy proceeding involving either Michael L. Ross or Evelyn W. Ross, their payment obligations under the settlement agreement are not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(4), 11 U.S.C. § 523(a)(6).

In the joint motion, Stooksbury and the Rosses ask the Court to dismiss the claims against the Rosses in this matter with prejudice pursuant to Rule 21 of the Federal Rules of Civil Procedure; to find that the Rosses' payment obligations under their settlement agreement with Stooksbury are not dischargeable; and, without affecting the finality of the dismissal, to retain jurisdiction for the limited purpose of enforcing the settlement agreement, including the entry, if appropriate, of the consent judgment.

The joint motion is hereby **GRANTED**. The claims in this action against the Rosses individually are hereby **DISMISSED WITH PREJUDICE**. Without affecting the finality of that dismissal, the Court will retain jurisdiction for purposes of enforcing the settlement, including the entry, if appropriate, of the consent judgment.

Also, based on the acknowledgement and agreement by the Rosses referenced in the joint motion, the Court finds that, in any bankruptcy proceeding involving either Michael L. Ross or Evelyn W. Ross, their payment obligations under their settlement agreement with Stooksbury are not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(4), 11 U.S.C. § 523(a)(6).

The claims against the Rosses having been dismissed, and there being no other pending claims, the default judgment against the Ross entities is now final. *See* Judgment entered July 31, 2017 [Doc. 522].

IT IS SO ORDERED.

                                            s/ Thomas A. Varlan
                                            THOMAS A. VARLAN
                                            CHIEF UNITED STATES DISTRICT JUDGE